UNITED STATES DISTRICT COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MONTACHUSETT REGIONAL TRANSIT AUTHORITY,<br>    Plaintiff<br><br>V.<br><br>WESTERN SURETY COMPANY,<br>    Defendant | CIVIL ACTION NO. 4:20-CV-40119-TSH |

**MOTION TO VACATE REMOVAL AND REMAND TO SUPERIOR COURT**

Plaintiff Montachusett Regional Transit Authority ("MART") hereby moves this Court to issue an order to vacate the removal to the U.S. District Court for the District of Massachusetts, which was initiated by Defendant Western Surety Company ("Western"), and remand this lawsuit to the Worcester Superior Court on the ground that the removal was not timely.

1. On June 26, 2020, MART originally filed this action in the Worcester Superior Court.

2. On June 30, 2020, MART filed its Amended Complaint.

3. On July 27, 2020, MART properly served the Amended Complaint on Western, a foreign surety/insurer licensed to do business in Massachusetts, via the Commissioner of Insurance (the "Commissioner").

4. Pursuant to Massachusetts General Laws, Chapter 175, section 151, the Commissioner is Western's "true and lawful attorney, upon whom all lawful processes in any action or legal proceeding may be served" and "any **lawful process against it which may be served upon its said attorney shall be of the same force and validity as if served on the**

**company…**" See G.L. c. 175, section 151(3) and section 154 (emphasis added); see also, Johnston v. Trade Ins. Co., 132 Mass. 432, 434 (1882) (finding that the "statute simply provides for service of process, which shall, by the consent of the company, have the same force and validity as if made on the company itself; and, when the service is actually made, the jurisdiction of the court is complete as to the defendant.")

5. On August 7, 2020, MART returned service of the summons in Worcester Superior Court.

6. On September 16, 2020, Western filed its notice of removal, which was 49 days after service on Western through the Commissioner.

7. Pursuant to 28 U.S.C. section 1446(b)(1),

> The **notice of removal** of a civil action or proceeding **shall be filed within 30 days after the receipt by the defendant, through service or otherwise**, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, **whichever period is shorter.**

(emphasis added).

8. Western was required to file its notice of removal within 30 days of service of the Amended Complaint on the Commissioner, which it failed to do.

9. Western's notice of removal was filed 19 days after the statutorily imposed deadline of 30 days under Section 1446.[1] See 28 U.S.C. section 1446(b)(1).

10. The deadline of 30 days is to be strictly construed. See Gorman v. Abbott Labs., 629 F. Supp. 1196, 1201 (D.R.I. 1986) (finding that the "the right to remove is of finite duration;

---

[1] Despite Western's contentions in its Notice of Removal, it is irrelevant when it received a copy of the complaint in its Chicago office, because, as a matter of law, service was effectuated on Western on the date service was made on the Commissioner. See G.L. c. 175, section 151(3) and section 154.

if not activated promptly, it self-destructs. Once Humpty-Dumpty has toppled from the wall, he cannot be put back together again. Failure of a defendant to embark upon removal within the statutorily allotted time causes the right to perish."); JJJ Constructora y Agregados v. U.S. Fid. & Guar. Co., 554 F. Supp. 2d 100, 101 (D.P.R. 2006) ("the thirty-day time limitation to file a notice of removal must be strictly construed, Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108, 61 S.Ct. 868, 85 L.Ed. 1214 (1941), and is not subject to an extension by consent of the parties or order of the Court.")(Citations omitted).

11. As a result, Western's notice of removal was untimely, the removal should be vacated, and the action remanded to the Worcester Superior Court.

12. The parties conferenced this motion pursuant to Local Rule 7.1 in advance of filing.

WHEREFORE, the Plaintiff Montachusett Regional Transit Authority respectfully moves for the Court to vacate removal of this action and remand this case to the Worcester Superior Court.

MONTACHUSETT REGIONAL TRANSIT AUTHORITY

By its attorneys,

/s/ Thomas J. Conte
Thomas J. Conte, Esq.
BBO #566092
Phone: (508) 860-1523
Fax:    (508) 983-6274
tconte@mirickoconnell.com
Alexandra N. Mansfield, Esq.
BBO #697163
Phone: (508) 929-1644
Fax:    (508) 983-6244
amansfield@mirickoconnell.com
Mirick, O'Connell, DeMallie & Lougee, LLP
100 Front Street
Worcester, MA 01608-1477

Dated: September 25, 2020

## LOCAL RULE 7.1(A)(2) CERTIFICATION

I, Thomas J. Conte, counsel for Plaintiff Montachusett Regional Transit Authority, in the above-captioned matter, hereby certify that on September 24, 2020, I conferred with counsel for Defendant Western Surety Company regarding the subject of the within motion.

/s/ Thomas J. Conte
Thomas J. Conte, Esq.

Dated: September 25, 2020

<u>CERTIFICATE OF SERVICE</u>

    I, Thomas J. Conte, hereby certify that this document(s), filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on September 25, 2020.

                                               /s/ Thomas J. Conte
                                               Thomas J. Conte, Esq.

Dated:  September 25, 2020